IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02986-CMA-MJW

KELLI GARCIA,

    Plaintiff,

v.

ADVANCE STORES COMPANY, INCORPORATED dba ADVANCE AUTO PARTS,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER** (Docket No. 16-1)
**CONCERNING CONFIDENTIAL INFORMATION**

---

The parties, by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

1

3. "CONFIDENTIAL" information covered under the terms of this protective order shall include documents, materials and/or information produced by either Kelli Garcia ("Plaintiff") or Advance Stores Company, Incorporated dba Advance Auto Parts,("Defendant"), or any of Defendants' agents or representatives, when designated as "CONFIDENTIAL" as provided herein, that include proprietary and/or confidential information not publicly available, which implicate a privilege or legitimate privacy interest.

As a condition of designating documents "CONFIDENTIAL," the documents must be reviewed by a lawyer of the designating party who will certify that the designation as "CONFIDENTIAL" is based on a good faith belief that the information is confidential or otherwise entitled to protection.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys working on this case;

(b) persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) or otherwise designating as CONFIDENTIAL in clear and inconspicuous manner the following or other appropriate notice: "CONFIDENTIAL."

7. Parties have entered into a Non-Waiver Clawback Agreement related to the inadvertent or unintentional disclosure by the producing party of confidential and/or privileged information. A copy of the Non-Waiver Clawback Agreement is attached as **Exhibit 1**.

8. All depositions shall be treated as CONFIDENTIAL until expiration of thirty (30) days after the deposition. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription,

provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. As with all court filings, the parties shall comply with D.C.COLO.LCivR 7.2 as to any request to restrict access based on this Protective Order.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE AND ORDERED this 16th day of March, 2012.

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

UNITED STATES MAGISTRATE JUDGE

STIPULATED TO AND APPROVED AS TO FORM this 15th day of March, 2012.

s/ Robert M. Liechty
Robert M. Liechty
Cross Liechty Lane PC
7100 East Belleview Ave., Suite G-11
Greenwood Village, CO 80111
Telephone: 303-333-4122
rliechty@crossliechty.com
ATTORNEYS FOR PLAINTIFF

s/ Colleen M. Rea
Colleen M. Rea
Ryan P. Lessmann
Jackson Lewis LLP
950 17th Street, Suite 2600
Denver, CO 80202
Telephone: 303-892-0404
colleen.rea@jacksonlewis.com
lessmannr@jacksonlewis.com
ATTORNEYS FOR DEFENDANT

## EXHIBIT 1

## NON-WAIVER RULE 502 "CLAWBACK" AGREEMENT

THIS NON-WAIVER "CLAWBACK" AGREEMENT (this "Agreement") is made and entered into by and among KELLI GARCIA ("Plaintiff") and ADVANCE STORES COMPANY, INCORPORATED dba ADVANCE AUTO PARTS ("Defendant"). Either Plaintiff or Defendant may be referred to herein as "Party" or collectively as "Parties."

WHEREAS, the Parties have agreed to produce all documents deemed discoverable under the Federal Rules of Civil Procedure, including Electronically Stored Information ("ESI"), that are responsive to each other's discovery requests and not privileged or otherwise exempted from discovery under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable source of law,

WHEREAS, some of the ESI and other documents produced in this matter may contain attorney-client privileged communications or other information protected as "privileged" and not subject to discovery under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable source of law ("Privileged Material");

WHEREAS, some of the produced ESI and other documents in this matter may contain protected attorney work-product material prepared or compiled in anticipation of litigation and not subject to discovery under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable source of law ("Work-Product Material");

WHEREAS, the Parties acknowledge that, despite each Party's best efforts to conduct a thorough pre-production review of all ESI and other documents, some Work

Product Material and Privileged Material ("Protected Material") may be inadvertently disclosed to the other Party during the course of this litigation;

WHEREAS, the volume of potentially discoverable ESI may substantially increase the total volume of documents that will be produced by the Parties, thereby exacerbating the risk of inadvertent disclosure of Protected Material; and,

WHEREAS, the parties wish to avail themselves of the full protection available under Federal Rules of Procedure and Evidence, including Federal Rule of Civil Procedure 26(b)(5)(B), and Rule 502, Federal Rules of Evidence.

WHEREAS, the undersigned Parties desire to establish a mechanism to avoid waiver of privilege or any other applicable protective evidentiary doctrine as a result of the inadvertent disclosure of Protected Material, and keep the disclosed Protected Material confidential to the maximum extent possible.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties that the following clauses of this Agreement shall govern the disclosure of Protected Material in this action.

### NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY INADVERTENT DISCLOSURE

1. The inadvertent disclosure of any ESI or paper record which is subject to a legitimate claim that the ESI or paper record should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that ESI or paper record or for the subject matter of the inadvertently disclosed information, if the Producing Party, upon becoming aware of the disclosure,

promptly requests its return. The inadvertent disclosure shall also not estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine or any level of confidentiality at a later date.

2. In order to be entitled to this protection, there shall be no requirement for the producing party to prove that it took reasonable steps to prevent disclosure, including, without limitation, proof that its efforts to review for privileged or confidential information or documents were reasonable.

3. Except in the event that the Requesting Party disputes the claim, any ESI or paper record that the Producing Party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the Producing Party or destroyed at the Producing Party's option. This includes all copies, electronic or otherwise, of any such information. In the event that the Producing Party requests destruction, the Requesting Party shall provide written certification of compliance within thirty (30) days of such written request.

4. In the event that the Requesting Party disputes the Producing Party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of Requesting Party for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). The Requesting Party may promptly present the information to the court under seal for a determination of the claim. If the Requesting Party

disclosed the information before being notified, it must take reasonable steps to retrieve it. The Producing Party must preserve the information until the claim is resolved.

5. If the Requesting Party receives a paper record or ESI file that it knows, or reasonably should know is subject to a legally recognizable privilege or evidentiary protection, then the Requesting Party shall: (a) refrain from reading the document or ESI any more closely than is necessary to ascertain that it is privileged; (b) promptly notify the Producing Party in writing that it has discovered documents believed to be Protected Material; (c) specifically identify the documents or ESI by Bates type control number range or hash value range, and, (d) where possible, return, sequester, or destroy all copies of such documents and ESI, along with any notes, abstracts or compilations of the content thereof, within five (5) days of discovery by the Requesting Party. Where such documents or ESI cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Requesting Party. Notwithstanding, the Requesting Party is under no obligation to search or review Producing Party's documents or ESI to identify potentially privileged or work product protected documents or ESI.

6. Any such Protected Material inadvertently disclosed by the Producing Party to the Requesting Party pursuant to this Agreement, shall be and remain the property of the Producing Party.

7. The parties wish to avail themselves of the full protection provided under Rule 502, Federal Rules of Evidence, and this Agreement and hereby stipulate to the entry of a court order under Rule 502(d) and (e).

8. Any Protected Material disclosed in this litigation is to be considered confidential and proprietary to the Producing Party and the Requesting Party shall hold the same in confidence and shall not use or disclose the Protected Material except as specified under this Agreement or specific orders of the court pertaining to the Protected Material. The Parties shall limit the disclosure of all Protected Material only to those persons with a need to know the information for purposes of supporting their position under this Agreement. Moreover, the Protected Material will not be disclosed, published or otherwise revealed to any other Party in this litigation except with the specific prior written authorization of the Producing Party.

9. If Protected Material is disclosed through inadvertence or otherwise to any person not authorized under this Agreement, the Party causing such disclosure shall inform the person receiving the Protected Material that the information is covered by this Agreement, make its best efforts to retrieve the Protected Material, and promptly inform the Producing Party of the disclosure.

## GENERAL PROVISIONS

10. This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof.

11. Upon signature by the Parties' attorneys below, this Agreement shall be binding on the Parties hereto effective March 15, 2012, regardless of whether or when the court enters an Order approving and directing compliance therewith.

12. Nothing herein shall prevent any Party from applying to the court for a modification of this Agreement should the moving Party believe the Agreement, as

originally agreed upon, is hampering its efforts to prepare for trial; or from applying to the court for further or additional protective Agreements; or from an Agreement between the Parties to any modification of this Agreement, subject to the approval of the court.

13. This Agreement shall survive the final termination of this case regarding any retained documents or contents thereof.

STIPULATED TO AND APPROVED AS TO FORM this 15th day of March, 2012.

| | |
|---|---|
| s/ Robert M. Liechty | s/ Colleen M. Rea |
| Robert M. Liechty | Colleen M. Rea |
| Cross Liechty Lane PC | Ryan P. Lessmann |
| 7100 East Belleview Ave., Suite G-11 | Jackson Lewis LLP |
| Greenwood Village, CO 80111 | 950 17th Street, Suite 2600 |
| Telephone: 303-333-4122 | Denver, CO 80202 |
| rliechty@crossliechty.com | Telephone: 303-892-0404 |
| ATTORNEYS FOR PLAINTIFF | colleen.rea@jacksonlewis.com |
| | lessmannr@jacksonlewis.com |
| | ATTORNEYS FOR DEFENDANT |